NAVID KANANI, ESQ. (SBN 270797)
**JS ABRAMS LAW, PC**
20501 Ventura Blvd., Suite 165
Woodland Hills, California 91364
Phone: (818) 330-4515 | Fax: (818) 330-4138
Email: Navid@jsafirm.com

ASAF AGAZANOF, ESQ. (SBN 285043)
**ASAF LAW APC**
2330 Westwood Boulevard, Floor 2
Los Angeles, California 90064
Phone: (424) 254-8870 | Fax: (888) 254-0651
Email: Asaf@lawasaf.com

Attorneys for Plaintiff,
KENYA SANTELLAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYA SANTELLAN, an individual;<br><br>          Plaintiff,<br><br> Vs.<br><br>WALMART, INC., a stock corporation; WALMART STORES EAST, LP, a limited partnership; WALMART ASSOCIATES, INC.; a stock corporation; WAL-MART STORES, INC., a stock corporation; Defendant, MARIA SANCHEZ; an individual; RYAN DOE; an individual; and DOES 1 to 100, inclusive.<br><br>          Defendants. | Case No.: **3:25-cv-04992-SI**<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DATE:** August 22, 2025<br>**TIME:** 10 a.m.<br>**CTRM:** 1<br><br>**Complaint Filed:** May 6, 2025<br><br>[Alameda County Superior Court Case No. 24CV121811] |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Friday, August 22, 2025 at 10 a.m. or as soon thereafter as the matter may be heard in Courtroom 1, 17th Floor of the United States District Court for the Northern District of California - District Judge Susan Illston, Federal Building located at 450 Golden Gate Avenue,

-i-

MOTION TO REMAND

San Francisco, CA 94102, Plaintiff KENYA SANTELLAN, will move this Court for an order remanding this action to the Alameda County Superior Court of the State of California under case number 25CV121811.

This motion is based on 28 U.S.C. §§ 1332, 1441 and 1446 and is made on the ground that Defendants WALMART, INC., a corporation; WALMART STORES EAST, LP, a limited partnership; WALMART ASSOCIATES, INC., a corporation, and WAL-MART STORES, INC (hereinafter "Defendants" or "WALMART") failed to establish subject matter and diversity jurisdiction for this Court. The parties in this action are not "citizens of different States."

This motion is also based upon this notice, the attached Memorandum of Points and Authorities, the court's file, and upon such further evidence and argument that may be presented at the hearing on this Motion. This motion is made following the conference of counsel pursuant to L.R. 7-7 which took place on July 7, 2025.

DATED: July 11, 2025                           JS ABRAMS LAW, P.C.

By: _____
    Navid Kanani, Esq.
    Attorney for Plaintiff,
    KENYA SANTELLAN

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>TABLE OF CONTENTS</u>

I.      INTRODUCTION.................................................................................pg. 1

II.     FACTUAL BACKGROUND................................................................pg. 1

III.    REMOVAL TO FEDERAL COURT MAY BE CHALLENGED BY A MOTION TO
        REMAND.........................................................................................pg. 3

IV.     LEGAL STANDARD FOR EVALUATING A MOTION TO REMAND...............pg. 4

V.      DEFENDANT FAILED TO MEET ITS BURDEN TO ESTABLISH DIVERSITY
        JURISDICTION TO JUSTIFY REMOVAL........................................pg. 4

        A. Defendant Has Failed To Meet Burden Of Proof For The Amount In Controversy
           Requirement................................................................................pg. 4
        B. Defendant Has Failed to Establish Complete Diversity of Citizenship
        of Defendant WALMART……..................................................pg. 5
        C. Defendant Has Failed to Establish Complete Diversity of Citizenship
        of Individual Defendants MARIA SANCHEZ AND RYAN DOE……………….....pg. 6
        D. Defendant Has Erroneously Alleged That Plaintiff's Claims Are Insufficiently Pled
        Against Individual Defendants..................................................pg. 8
        E. Alternatively, Remand Is Required Because Defendant Has Failed To Meet Their
        Burden To Show Fraudulent Joinder……....................................pg. 13

VI.     THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE..........................pg. 14

VII.    CONCLUSION................................................................................pg. 15

/// 

///

-iii-

MOTION TO REMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO REMAND

# TABLE OF AUTHORITIES

## FEDERAL AND STATE CASE LAW

*Atchley v. Heritage Cable Vision Associates*, 904 F.Supp. 870 (N.D. Ind. 1995), aff'd, 101 F.3d 495 (7th Cir. 1996) ................................................................................................................ 4

*Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) .................................................. 4

*Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865 ................................................ 9

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 ............................................................................... 4

*Asurmendi v. Tyco Elecs. Corp., (PVT)*, 2009 U.S. Dist. LEXIS 22978 (N.D. Cal. Mar. 11, 2009) ............................................................................................................................................ 12

*Atchley v. Heritage Cable Vision Associates*, 904 F. Supp. 870 (N.D. Ind. 1995) ..................... 4

*Bailey v. San Francisco Dist. Attorney's Office*, 16 Cal. 5th 611, 641 ......................................... 9

*Carranza v. City of Los Angeles*, 111 Cal. App. 5th 388 .............................................................. 9

*Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) ............................................................................. 6

*Chau-Barlow v. Provident Life & Accident Ins. Co.*, No. 2:16-cv-06576, 2016 WL 5921061 (C.D. Cal. Oct. 11, 2016) ...................................................................................................... 14

*Christensen v. Super. Ct.*, 54 Cal. 3d 868 (1991) ....................................................................... 12

*Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908 ............................................................. 9, 10

*Davidson v. City of Westminster*, 32 Cal. 3d 197 (1982) ............................................................ 12

*Dee v. Vintage Petroleum, Inc.*, 106 Cal. App. 4th 30 .................................................................. 9

*Dickinson v. Cosby*, 37 Cal. App. 5th 1138 ................................................................................. 10

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ............................................ 5

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ........................................................................ 4

*Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543 (9th Cir. 2018) .................................... 14

*Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203 (9th Cir. 2007) ...................... 7

*Hearn v. Pacific Gas & Electric Co.*, 108 Cal. App. 5th 301 ....................................................... 10

*Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979) ............................... 7

*Hernandez v. Ignite Restaurant Group, Inc.*, 917 F. Supp. 2d 1086 (E.D. Cal. 2013) ................ 7

*Infuturia Global Ltd. V. Sequus Pharm., Inc.*, 631 F.3d 1133 .................................................... 5

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993 (C.D. Cal. 2002) 5

*Lewis v. Time, Inc.*, 83 F.R.D. 455 (Ed. Cal, 1979) .................................................................. 12

*Light v. Department of Parks & Recreation*, 14 Cal. App. 5th 75 .............................................. 11

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003) .............................. 5

*McClung v. Employment Development Dept.*, 113 Cal. App. 4th 335 ........................................... 9

*Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034 (C.D. Cal. 2012) ............................. 14

*Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156 (C.D. Cal. 2009) ........................................... 7, 14

*People ex rel. Harris v. Sarpas*, 225 Cal. App. 4th 1539 ........................................................... 12

*Preseau v. Prudential Ins. Co.*, 591 F.2d 74 (9th Cir. 1979) ....................................................... 8

*Ringler Associates Inc. v. Maryland Casualty Co.*, 80 Cal. App. 4th 1165 ................................ 10

*Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856 (9th Cir. 1996) ............................................. 5

*Shirvanyan v. Los Angeles Community College Dist.*, 59 Cal. App. 5th 82 ................................. 11

*Singer v. State Farm  Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997) .................................... 5

*Turman v. Superior Court*, 17 Cal. App. 5th 969 ....................................................................... 13

*Vasquez v. Bank of Am., N.A.*, No. 5:15-cv-02056, 2015 WL 794545 (C.D. Cal. Feb. 25, 2015) 14

MOTION TO REMAND

## **FEDERAL STATUTES**

28 U.S.C. § 1332 ............................................................................................ 4, 5, 6, 7

28 U.S.C. § 1446 .................................................................................................... 4

28 U.S.C. § 1447 ................................................................................................. 3, 7

## **CALIFORNIA STATUTES**

Business and Professions Code § 17200 ........................................................ 8, 12

Code § 47 ............................................................................................................. 10

Code § 48a ........................................................................................................... 10

Code § 17200 ................................................................................................. 12, 13

## **CALIFORNIA RULES**

Cal. R. Civ. P. 3.1112 .......................................................................................... 14

Cal. R. Evid. 3.1112 ............................................................................................. 14

Cal. Rules of Court 3.1112 ................................................................................... 14

MOTION TO REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On May 6, 2025, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled KENYA SANTELLAN v. WALMART, INC., a stock corporation; WALMART STORES EAST, LP, a limited partnership; WALMART ASSOCIATES, INC.; a stock corporation; WAL-MART STORES, INC., a stock corporation; Defendant, MARIA SANCHEZ; an individual; RYAN DOE; an individual; and DOES 1 to 100, inclusive, Case No. 25CV121811. The Complaint alleges the following causes of action against the removing party, the Defendants, in this case: nine causes of action stemming from FEHA violations; Violation of Labor Code Section 233; Common Law and Statutory Retaliation (Labor Code 1102.5); Statutory and Common Law Defamation; Intentional Infliction of Emotional Distress; Violation of Business and Professions Code Section 17200, et seq.; and Declaratory Relief.  On May 15, 2025, Plaintiff served Removing Party with a Summons and the Complaint. Removing Party filed a Notice of Removal on June 12, 2025.

For the reasons argued below, removal was improper in this case, and remand is warranted, on the grounds that this Court does not have subject matter jurisdiction of this action and the Motion to Remand is procedurally defective because it lacks the notice requirement for the hearing date and time in violation of Civil Rule 3.1112.

### II.    FACTUAL BACKGROUND

On or about November 3, 2004, Plaintiff commenced employment with Defendants as a Team Lead. [Complaint ¶ 19.]

Throughout Plaintiff's employment of more than eighteen (18) years, Plaintiff competently executed all tasks and was a hard-working employee. [Complaint ¶ 20.]

On or around June 3, 2021, while performing their duties, Plaintiff sustained an injury due to a metal object falling onto their back. [Complaint ¶ 21.]

-1-

Following Plaintiff's work injury, Plaintiff was granted a two-month leave of absence through her workers' compensation claim, protected under Plaintiff's right of personal worker's compensation leave, Federal Family and Medical Leave Act (FMLA), and California Family Right Act (CFRA). Plaintiff forwarded all medical work statuses to Defendants claims adjuster, Sedgwick. Defendants formally granted Plaintiff's leave regarding her worker's compensation. [Complaint ¶ 22.]

Upon Plaintiff's return to the workplace with Defendants, on or around November 24, 2021, Plaintiff was diagnosed with bronchitis and colitis following a consultation with her independent medical provider, Kaiser Permanente. Plaintiff's medical team recommended that Plaintiff take a leave of absence from work from on or about November 24, 2021, to December 2, 2021. Plaintiff formally requested Defendants for approval of a job-protected leave. On or about November 24, 2021, MARIA SANCHEZ engaged in inappropriate conduct by using offensive language and raising her voice towards Plaintiff in relation to Plaintiff's medical leave. Additionally, MARIA SANCHEZ threatened to terminate Plaintiff due to her medical leave. Nonetheless, the claims adjuster for Defendants, Sedgwick, formally approved Plaintiff's job-protected leave of absence from approximately December 2021 to January 26, 2021. [Complaint ¶ 23.]

Upon Plaintiff resuming employment with Defendants, on or about February 9, 2022, Plaintiff submitted a formal work complaint regarding the retaliation and harassment by MARIA SANCHEZ. Plaintiff's complaint asserted that MARIA SANCHEZ had threatened to terminate Plaintiff's employment as a consequence of Plaintiff's leave of absence. On or about February 23, 2022, Defendants formally notified Plaintiff of the initiation of an investigation regarding Plaintiff's complaints against MARIA SANCHEZ. [Complaint ¶ 24.]

The following day, on or about February 24, 2022, the General Manager Coach, RYAN DOE, terminated Plaintiff's employment on the grounds of purported unexcused absences. Although Plaintiff

-2-

sought to dispute her termination by referencing Defendants to Plaintiff's granted job-protected leave, Defendants dismissed her request. [Complaint ¶ 25.]

Plaintiff's termination was substantially motivated by Plaintiff's disability, medical condition, and/or perceived disability, and medical condition, Plaintiff's job-protected leave, and Plaintiff's complaint and reports about Defendant's false assertions of Plaintiff's status of leave of absence and/or engagement in protected activities without any good faith attempt to engage in the interactive process with Plaintiff. Defendant's discriminatory animus is evidenced by the previously mentioned facts. [Complaint ¶ 26.]

As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe emotional distress, anxiety disorder, major depressive disorder, panic disorder, insomnia, and past and future lost wages and benefits. [Complaint ¶ 27.]

Plaintiff claims general damages for emotional and mental distress, anxiety disorder, major depressive disorder, panic disorder, insomnia, and aggravation in a sum in excess of the jurisdictional minimum of this court.  [Complaint ¶ 28.]

As evidenced by the previously mentioned facts, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits, and loss or diminution of earning capacity. [Complaint ¶ 29.] As a result, Plaintiff brought this Action.

## III.    REMOVAL TO FEDERAL COURT MAY BE CHALLENGED BY A MOTION TO REMAND

28 U.S.C. § 1447(c) authorizes motions to remand on the basis of lack of subject matter jurisdiction or procedural defects, providing in relevant part as follows: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. See also

-3-

1    *Atchley v. Heritage Cable Vision Associates*, 904 F.Supp. 870 (N.D. Ind. 1995), aff'd, 101 F.3d 495 (7th

2    Cir. 1996) ("Removal may be challenged, an action subsequently remanded, either for procedural

3    defects or for the absence of subject matter jurisdiction.")

4    **IV.    LEGAL STANDARD FOR EVALUATING A MOTION TO REMAND**

5

6          District courts consistently construe removal statutes strictly against removal and resolve all

7    doubts in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

8          The Ninth Circuit has consistently held that "the strong presumption against removal jurisdiction

9    means that the defendant always has the burden of establishing that removal is proper." Id. at 566-567

10   ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

11   instance"). *See Also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988) ("The burden of

12   establishing federal jurisdiction is upon the party seeking removal"); *Abrego v. Dow Chem Co.*, 443

13   F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden

14   on removal rests with the removing defendant"). Accordingly, any doubts regarding the propriety of

15   removal must be resolved in favor of remand. *Gaus*, 980 F.2d at 566-567 ("Federal jurisdiction must be

16   rejected if there is any doubt as to the right of removal in the first instance").

17

18

19

20   **V.    DEFENDANT FAILED TO MEET ITS BURDEN TO ESTABLISH DIVERSITY
       JURISDICTION TO JUSTIFY REMOVAL**

21

22       **A. Defendant Has Failed To Meet Burden Of Proof For The Amount In Controversy
           Requirement**

23

24         Diversity jurisdiction grants district courts "original jurisdiction of all civil actions where the

25   matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

26   between...citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Generally, when removal is on the basis

27   of diversity jurisdiction, the sum demanded in the initial complaint shall be deemed the amount in

28   controversy. 28 U.S.C. § 1446(c)(2).

-4-

However, in cases where "the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than [$75,000], the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount," by a preponderance of the evidence, through admissible, summary-judgment type of evidence. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 403 (9th Cir.1996); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal.2002) ("If the amount in controversy is not clear on the face of the complaint… defendant must...submit summary-judgment type evidence to establish that the actual amount in controversy exceeds" the applicable threshold).  The district court may consider "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).  "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-1091.

## B.  Defendant Has Failed to Establish Complete Diversity of Citizenship of Defendant WALMART

For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.* 545 U.S. 546, 553 (2005). Jurisdiction in a diversity case is determined at the time of removal. *Infuturia Global Ltd. V. Sequus Pharm., Inc.*, 631 F.3d 1133, 1137 (9th Circ. 2011).

United States Supreme Court held that the phrase "principal place of business" in the federal diversity jurisdiction statute refers to a corporation's "nerve center" or "the place where the

-5-

corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*

*v. Friend*, Case No. 08-1107, slip op. at 1 (2010). The Court adopted the following new test of corporate

citizenship under Section 1332(c)(1):

> We conclude that "principal place of business" is best read as referring to the place where a corporation's
> officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals
> have called the corporation's "nerve center."  And in practice it should normally be the place where the
> corporation maintains its headquarters–provided that the headquarters is the actual center of direction,
> control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its
> board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Here, although WALMART is formally headquartered in Arkansas, the scope and scale of its

operations in California raise serious questions about whether a de facto nerve center exists in California.

WALMART operates hundreds of retail locations and regional facilities throughout the state, which is

among its largest markets nationwide in terms of both revenue and workforce. To the extent that high-

level operational decisions, regional executive oversight, or strategic coordination are carried out from

California-based hubs, California may serve as a de facto center of direction, control, and coordination

for substantial corporate functions. Under Hertz, courts must look to where corporate leadership actually

directs and coordinates activity, not merely where the corporation claims its headquarters to be.

Accordingly, this Court must conclude that remand is proper. On information and belief, at all times

relevant to this complaint, Plaintiff and all named individual Defendants worked at or had

responsibilities related to WALMART location at 40580 Albrae Street Fremont, CA 94538.

### C. Defendant Has Failed to Establish Complete Diversity of Citizenship of Individual Defendants MARIA SANCHEZ and RYAN DOE

Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen

of a different state from each defendant. 28 U.S.C. § 1332(a)(1); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61,

68 (1996) (complete diversity of citizenship is required for diversity jurisdiction).

-6-

MOTION TO REMAND

1

2      Defendant's entire argument that total diversity of citizenship exists is based on Defendant's

3   position that WALMART INC. is a Delaware and Arkansas entity and that the individual defendants

4   named are "Sham Defendants".

5      In a case presenting question of fraudulent joinder or sham defendant in regard to determining

6   whether case can be removed to federal court based on diversity of citizenship, the issue is whether

7   allegations of complaint constitute a valid claim for relief against parties alleged to be fraudulently joined.

8   *Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979). Fraudulent joinder must be

9   proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d

10  1203, 1206 (9th Cir. 2007).

11      Former managers were not a sham defendant to defeat diversity jurisdiction in former employee's

12  action against employer and manager, alleging various claims under California law including wrongful

13  termination and harassment, and therefore, remand of proceedings was warranted, where employee

14  alleged manager intentionally filed false write ups, which ultimately led to employee's termination. 28

15  U.S.C.A. §§ 1332, 1447; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156 (C.D. Cal. 2009).

16      Human Resource Representative was not a sham defendant fraudulently joined to defeat diversity

17  jurisdiction in employee's removed action against employer and supervisor, where employee asserted

18  viable claims against supervisor for defamation and invasion of privacy in violation of the California

19  Constitution; it was not clear that the manager's privilege under California law applied outside the scope

20  of claims for intentional interference with contract, and, even if applicable, whether the privilege was

21  absolute or conditional. 28 U.S.C.A. § 1332(a); *Hernandez v. Ignite Restaurant Group, Inc.*, 917 F. Supp.

22  2d 1086 (E.D. Cal. 2013) (applying California law).

23      In this case, Defendants do not satisfy the required criteria to sufficiently allege that individual

24  defendants are "Sham Defendants." It is clear that Defendants' argument is made without any supporting

25  evidence in an malicious attempt to disguise the individual defendants as sham in order to obfuscate the

26  fact that the individual defendants are, in fact, California residents, as is Plaintiff. As such, Defendants'

27  assertion that this matter lacks standing and jurisdiction in California State Court is simply untrue.

28

-7-

Specifically, as addressed in Plaintiff's complaint, Plaintiff is informed and believes and thereon alleges that all individual defendants are and at all times mentioned in this Complaint were individuals residing in Alameda County. Plaintiff is further informed and believes and thereon alleges that all individual defendants are and at all times mentioned in this Complaint were management level employees of Defendant WALMART INC. See Complaint ¶¶ 12-13. Furthermore, Defendants at no point dispute the citizenship of the individual defendants.

Plaintiff is in the process of serving individual Defendants MARIA SANCHEZ and RYAN DOE after locating their current addresses, and the presence of as-yet-unserved individual defendants does not affect their inclusion for assessment of diversity jurisdiction. *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74 (9th Cir. 1979). Individual Defendants MARIA SANCHEZ are named Defendants with multiple causes of action Plaintif alleged against them and multiple causes of action against Corporate Defendants that the Individual Defendants were directly involved in.

Thus, this Court must conclude that remand is proper because Defendants have not properly established that all Defendants are diverse from the Plaintiff.

**D. Defendants Erroneously Allege That Plaintiff's Claims Are Insufficiently Pled Against Individual Defendants**

Plaintiff's Complaint asserts various claims. Defendants' position is that Plaintiff's claims of (1) FEHA-Disability Harassment; (2) Statutory and Common Law Defamation; (3) IIED; (4) Violation of Business and Professions Code Section 17200; and (5) Declaratory Relief are insufficiently pled with regard to Defendants Sanchez and Ryan DOE, which are individually treated and refuted below.

    i.    <u>FEHA- Disability Harassment</u>

Plaintiff's Complaint states claims for Disability Harassment against all Defendants. See Complaint ¶¶ 19-29 and 41-52. Plaintiff claims that she was subjected to harassment based on her disability and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, and abusive.

-8-

1

2

3      Defendants argue that a pattern of harassing behavior is required to state a claim for harassment

4   under FEHA. However, California law explicitly recognizes that even a single incident of harassment can

5   suffice if it is sufficiently severe. *Bailey v. San Francisco Dist. Attorney's Office*, 16 Cal. 5th 611, 641.

6   The California Supreme Court has held that harassment is actionable under FEHA when it is either

7   pervasive or severe enough to alter the conditions of employment and create a hostile or abusive work

8   environment. An isolated act of harassment may be actionable if it is sufficiently severe in light of the

9   totality of the circumstances. *See Bailey*, 16 Cal. 5th at 641; *See Also Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865.

10     In this case, the complaint alleges that the manager threatened termination and was verbally

11  abusive. A threat of termination is inherently severe, as it directly impacts the employees job security and

12  creates a hostile work environment. The ongoing impact of such a threat distinguishes it from a trivial or

13  isolated incident. Additionally, verbal abuse, even if it occurred only once, can contribute to a hostile work

14  environment when considered in the context of the threat of termination. *McClung v. Employment*

15  *Development Dept.*, 113 Cal. App. 4th 335; *Bailey*, 16 Cal. 5th at 641. These allegations are sufficient to

16  state a claim for harassment under FEHA.

17

18     Defendants also argue that the complaint is conclusory and lacks sufficient factual detail. However,

19  California law does not require a plaintiff to allege granular details, even in the context of a motion to

20  dismiss. FEHA harassment claims focus on whether the environment of the workplace has become

21  intolerable due to the harassing conduct. *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908; *Carranza*

22  *v. City of Los Angeles*, 111 Cal. App. 5th 388. The complaint need only allege facts that, if true, would

23  establish that the conduct was unwelcome, based on a protected characteristic, and sufficiently severe or

24  pervasive to alter the conditions of employment. *Carranza v. City of Los Angeles*, 111 Cal. App. 5th 388;

25  *Dee v. Vintage Petroleum, Inc.*, 106 Cal. App. 4th 30.

26

27     Here, Plaintiff alleges that Defendant Sanchez used offensive language, raised her voice, and

28  threatened termination. These allegations are specific enough to put Defendants on notice of the claims

-9-

MOTION TO REMAND

against them and to allow the court to determine whether the alleged conduct, if proven, would constitute

harassment under FEHA, and the level of detail provided in the complaint is consistent with the pleading

standards under California law.

Accordingly, this Court must conclude that remand is proper.

ii.    Statutory and Common Law Defamation

Defendants allege the Defamation claim is insufficient with regard to individual defendants

without disputing Plaintiff's claim they will be forced to disclose false and defamatory statements to future

employers, and by erroneously asserting any defamatory conduct would fall under common interest

privilege.

First, under California law, defamation requires the intentional publication of a false,

unprivileged statement of fact. *Ringler Associates Inc. v. Maryland Casualty Co.*, 80 Cal. App. 4th 1165;

*Dickinson v. Cosby*, 37 Cal. App. 5th 1138. Plaintiff invoked the doctrine of compelled self-publication,

here due to false and defamatory reasons for termination, which constitutes defamation because Plaintiff

was effectively forced to repeat the defamatory statements to prospective employers. *Hearn v. Pacific Gas

& Electric Co.*, 108 Cal. App. 5th 301 (finding false statements in a termination letter were republished to

prospective employers, causing harm to reputation and profession). This supports the argument that

compelled self-publication can meet the publication requirement for defamation.

Second, while the common interest privilege under Cal Civ Code § 47 protects certain

communications made without malice between parties with a shared interest, this privilege is defeated by

malice, which involves a state of mind arising from hatred or ill will, or reckless disregard for the truth.

*Hearn v. Pacific Gas & Electric Co.*, 108 Cal. App. 5th 301; *Cornell v. Berkeley Tennis Club*, 18 Cal.

App. 5th 908 (finding a triable issue of fact regarding malice, which precluded summary adjudication

based on the common interest privilege); Cal Civ Code § 48a. Plaintiff alleged Defendants acted with

malice in adversely and retaliatorily imposing false disciplinary remarks on Plaintiff's records, and using

-10-

them as a pretext for termination, which Defendants knew or should have known could compel Plaintiff to have to disclose to future employers, thereby defeating the common interest privilege. [Complaint ¶¶ 19-29 and 140-149]. Given Plaintiff's allegations of individual defendants' conduct consisting of retaliation, harassment, threats, and verbal abuse, a triable issue of malice is clear. See Complaint ¶¶ 19-29 and 140-149.

Plaintiff's defamation is sufficiently pled based on the compelled self-publication of false statements in the termination letter. Furthermore, Plaintiff alleges the cause of action fall under an exception to the common interest privilege, as supported by California case law, and therefore Defamation is properly pleaded against the individual defendants, and they should be considered for purposes of defeating diversity jurisdiction.

iii.    IIED

Plaintiff's Complaint states claims for IIED against all Defendants. See Complaint ¶¶ 15-25 and 96-101. Defendants assertions that the alleged IIED claim is precluded by the Workers Compensation Act and does not meet the pleading standard are refuted below.

Conduct that contravenes a fundamental public policy or exceeds the risks inherent in the employment relationship is not subject to workers' compensation exclusivity. As such, actions that violate the California Fair Employment and Housing Act (FEHA), such as unlawful discrimination or retaliation, fall outside the purview of workers' compensation exclusivity and may support IIED claims. Such conduct is considered outside the normal risks of employment and is not encompassed by the workers' compensation system. *Light v. Department of Parks & Recreation*, 14 Cal. App. 5th 75; *Shirvanyan v. Los Angeles Community College Dist.*, 59 Cal. App. 5th 82.

Regarding sufficiency of the IIED pleading, Defendants ignore Plaintiff's factual allegations supporting the cause of action. See Complaint ¶¶ 19-29 and 96-101. "The elements of the tort of intentional infliction of emotional distress are: '(1) extreme and outrageous conduct by the defendant with the

-11-

intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct ...'" *Christensen v. Super. Ct.*, 54 Cal.3d 868, 903 (1991) (quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982)). Plaintiff was exposed to retaliatory, harassing conduct, which includes being treated differently because of her medical condition/disability, verbally abused, and terminated as a result of her medical condition/disability. [Complaint ¶¶ 19-29].

In *Asurmendi*, the court found that a supervisor's mere verbal criticisms, including the reprimand that Plaintiff was doing things "the old-fashioned way," could form a sufficient basis for an IIED claim. *Asurmendi v. Tyco Elecs. Corp.*, No. C 08-5699 JF (PVT), 2009 U.S. Dist. LEXIS 22978 at *3 (N.D. Cal. Mar. 11, 2009). Similarly in this case, based on the above, the Court must find that the claims against Defendant are sufficiently plead as to constitute, at the very least, a triable issue of fact. Accordingly, this Court must conclude that remand is proper, but even if there are doubts as to whether the conduct constitutes outrageous conduct, any doubts should be resolved in favor of remand. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal, 1979).

iv.    <u>Violation of Business and Professions Code Section 17200</u>

Defendants erroneously argue that individual defendants cannot be held liable for violations of Cal Bus & Prof Code § 17200.

However individual defendants, including supervisors and management personnel, can be held liable under Cal Bus & Prof Code § 17200 for unfair business practices if they actively and directly participate in the acts constituting the unfair business practices, such as discrimination and retaliatory termination. This principle is supported by case law, which establishes that personal liability under the UCL arises when an individual actively and directly engages in the unfair business practice. *People ex rel. Harris v. Sarpas*, 225 Cal. App. 4th 1539 (finding an officer of a corporation may be individually liable

1
2
under the UCL if they actively and directly participate in the unfair business practice); *Turman v. Superior*

3
*Court*, 17 Cal. App. 5th 969 (same).

4
Thus, here where individual defendant supervisors or management personnel are directly involved in

5
discriminatory or retaliatory actions that constitute unfair business practices, they can be held personally

6
liable under Cal Bus & Prof Code § 17200, and are sufficiently joined in the cause of action so as to be

7
considered for purposes of diversity jurisdiction.

8
9
    v.    <u>Declaratory Relief</u>

10
Defendants erroneously argue that Declaratory Relief cannot support an independent cause of action,

11
but do not dispute the substance of Plaintiff's claim for Declaratory Relief.

12
13
Declaratory relief can be maintained as an independent cause of action in California employment

14
litigation, provided there is an actual controversy relating to the legal rights and duties of the respective

15
parties. Under Cal Code Civ Proc § 1060, a party may bring an action for declaratory relief to resolve

16
disputes regarding rights or duties under a contract or other legal obligations, even before a breach has

17
occurred. This statute explicitly allows for declaratory relief to be sought independently or alongside other

18
remedies Cal Code Civ Proc § 1060.

19
20
As such the Plaintiff's claim for Declaratory Relief is sufficiently pled with regard to individual

21
defendants and individual defendants must be considered for purposes of defeating diversity jurisdiction.

22
    **E. Alternatively, Remand Is Required Because Defendants Have Failed To Meet Their Burden To Show Fraudulent Joinder**

23
24
Even if the Court is not persuaded by Plaintiff's primary arguments in favor of remand, Defendants

25
still have not satisfied their burden to show that the non-diverse individual defendants were fraudulently

26
joined. Fraudulent joinder has a heavy burden of proof threshold, and removal based on fraudulent joinder

27
is appropriate only where the defendant shows, based on "extraordinarily strong evidence" that "there is

28

-13-

MOTION TO REMAND

no possibility that Plaintiffs could prevail" on any cause of action brought against the non-diverse defendants. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

It is not enough to allege, as Defendants do here, that Plaintiff has failed to adequately state a claim. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012). Even assuming the claims are deficiently pled, courts routinely hold that fraudulent joinder is not established where there exists a possibility that the plaintiff could amend to state a valid claim. See, e.g., *Chau-Barlow v. Provident Life & Accident Ins. Co.*, No. 2:16-cv-06576, 2016 WL 5921061, at *2 (C.D. Cal. Oct. 11, 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (same); *Vasquez v. Bank of Am., N.A.*, No. 5:15-cv-02056, 2015 WL 794545, at *4 (C.D. Cal. Feb. 25, 2015) (finding no fraudulent joinder where plaintiff could amend to state even one valid claim under California law).

Here, Plaintiff has a strong basis for liability against the individual defendants, and there is no showing that any amendment would be futile. Defendants therefore have not met their burden under *Grancare* and related authority, and remand is appropriate on this independent ground as well.

## VI. <u>THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE</u>

Defendant failed to provide notice of the hearing date which is in violation of Civil Rule 3.1112(a), which requires that the papers filed in support of a motion must consist of at least the following: (1) A notice of hearing on the motion; (2) The motion itself; and (3) A memorandum in support of the motion or demurrer. California Rules of Court, rule 3.1112. Here, Defendant failed to properly provide notice to Plaintiff of the hearing date for the Notice and Motion for Removal. As such, the Defendant's Removal must fail because of the procedural defect, in violation of CRC Rule 3.1112.

///

## VII.    <u>CONCLUSION</u>

Defendant improperly removed this action by failing to submit admissible evidence to support the assumptions on which the amount in controversy is calculated.   In addition, Defendant improperly removed this action by failing to establish complete diversity amongst the parties of this action. It was Defendant's burden to establish the propriety of removal jurisdiction and rebut the strong presumption against it, and all doubts must be resolved in favor of remanding this action to state court.

Based on the foregoing, Plaintiff respectfully requests that this Court issue an order remanding this action to the Superior Court of the State of California for the County of Alameda.

DATED: July 11, 2025

**JS ABRAMS LAW, P.C.**

By: _____

Navid Kanani, Esq.
Attorneys for Plaintiff
KENYA SANTELLAN

-15-

MOTION TO REMAND