UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYA SANTELLAN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., et al.,<br><br>Defendants. | Case No. 25-cv-04992-SI<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 20 |

Before the Court is plaintiff's motion to remand this matter to Alameda County Superior Court. Dkt. No. 20 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument, and VACATES the August 22, 2025 hearing. For the reasons stated below, the Court GRANTS the motion to remand

**BACKGROUND**

Plaintiff Kenya Santellan filed a complaint in Alameda County Superior Court on May 6, 2025 against her former employer Walmart, her former supervisor Maria Sanchez, and an unnamed manager. Dkt. No. 1-1 ("Compl.") at 1. Plaintiff asserted fifteen causes of action grounded in the events that led to defendants' termination of plaintiff's employment. *Id.* at 1-2. After receiving service of the complaint, defendant Walmart timely removed the case to federal court on the basis of diversity jurisdiction. Dkt. No. 1. Plaintiff has challenged that removal via a motion to remand.

According to the facts alleged in her complaint, plaintiff was first hired by Walmart in 2004 and worked for Walmart for eighteen years. Compl. ¶¶ 19-20. In 2021, plaintiff suffered a workplace injury and received a two-month leave of absence through the worker's compensation program. *Id.* ¶¶ 21-22. After she returned to work later that year, she became ill and her medical

1 team recommended taking additional time off work. *Id.* ¶ 23. Plaintiff requested further leave and alleges that, in response, defendant Sanchez "engaged in inappropriate conduct by using offensive language and raising her voice towards Plaintiff in relation to Plaintiff's medical leave. Additionally, MARIA SANCHEZ threatened to terminate Plaintiff due to her medical leave." *Id.* However, plaintiff received a job-protected leave of absence. *Id.* When she returned to work, plaintiff submitted a complaint about defendant Sanchez's behavior. *Id.* ¶ 24. Defendants initiated an investigation into plaintiff's complaint on February 23, 2024. *Id.* The next day, the unnamed defendant, a general manager coach, terminated plaintiff "on the grounds of purported unexcused absences." *Id.* ¶ 25. Plaintiff alleges her termination was motivated by discriminatory animus. *Id.* ¶ 26.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The bases for federal subject-matter jurisdiction are: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship between plaintiffs and defendants and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332.

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

**DISCUSSION**

Defendant Walmart contends the Court has diversity jurisdiction over this action because (1) the amount in controversy exceeds $75,000 and (2) the one named presumably[1] non-diverse defendant, Maria Sanchez, has been fraudulently joined. For the Court to retain jurisdiction, each contention must be true. Plaintiff challenges both. Plaintiff also asserts that Walmart may be considered a citizen of California and that the notice of removal was procedurally defective.[2]

As discussed below, the Court holds that defendant Sanchez was not fraudulently joined and remands the case on that basis. The Court need not consider plaintiff's other arguments.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A defendant is fraudulently joined if she "cannot be liable on any theory." *Id.* (internal quotation marks and citation omitted). But if there is a "possibility" that a viable claim exists against that defendant, then she was properly joined. *Id.* at 549. This "possibility" standard requires a lower threshold showing than what a plaintiff must allege to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 549-50. As such, a removing defendant "bears a heavy burden" to prove fraudulent joinder. *Id.* at 548 (internal quotation marks and citation omitted).

The Court's analysis starts and ends with plaintiff's harassment claim against defendant Sanchez. Under California law, an individual co-worker or supervisor may be liable for harassment

---

[1] The complaint labels Sanchez as a California resident on information and belief. Compl. ¶ 12. Plaintiff's motion states that she is in the process of serving Sanchez and defendant Ryan Doe after locating their current addresses. Mot. at 8. The notice of removal does not dispute Sanchez's status as a California citizen, only stating that her citizenship must be disregarded. Dkt. No. 1 at 3.

[2] Plaintiff further asserts that the currently unnamed defendant Ryan Doe defeats complete diversity. Defendant Walmart states in its notice of removal that unnamed Doe defendants are not considered for diversity purposes. *See* 28 U.S.C. § 1441(b)(1); Dkt. No. 1 at 12 (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998)). Plaintiff argues in reply that this rule does not apply to identified but unnamed defendants, like the manager that sent plaintiff her termination letter. Dkt. No. 22 at 9-10 (citing *Flores v. FCA US LLC*, 2023 WL 4551512, at *4 (C.D. Cal. July 14, 2023)).

3

1  when the conduct is severe or pervasive enough to alter the conditions of employment. *Aguilar v.*
2  *Avis Rent A Car Sys., Inc.*, 980 P.2d 846, 851 (Cal. 1999). Actionable harassment can occur in a
3  single instance if sufficiently severe. *Bailey v. San Francisco Dist. Attorney's Off.*, 552 P.3d 433,
4  444 (Cal. 2024). Courts have recognized that harassment from a supervisor can carry "'a
5  particularly threatening character.'" *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 445 (9th Cir. 2017)
6  (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 763 (1998)). Plaintiff's complaint alleges
7  that defendant Sanchez, plaintiff's supervisor, used offensive language, raised her voice, and
8  threatened to terminate plaintiff based on her medical leave. Compl. ¶ 23. The complaint as written
9  may not contain sufficient detail to survive a Rule 12(b)(6) motion to dismiss. However, to defeat
10 an accusation of fraudulent joinder, the law requires only a possible viable claim against defendant
11 Sanchez. Plaintiff has one. Defendant Walmart therefore does not meet its high burden to avoid
12 remand.

13  In her reply brief, plaintiff also requests that the Court also award plaintiff $7,800 in
14 attorney's fees for the time spent by plaintiff's counsel on the motion to remand. Dkt. No. 22 at 1-
15 2. Federal law allows a court to require payment of attorney's fees when remanding a case. 28
16 U.S.C. § 1447(c). A court may award such fees "only where the removing party lacked an
17 objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132,
18 141 (2005). Plaintiff argues that "[d]efendants' removal was premised on legal theories and factual
19 assumptions that were squarely refuted by their own cited authorities, misquoted case law, and
20 speculative reasoning." Dkt. No. 22 at 1. Plaintiff does not provide the Court with examples. While
21 the Court considers remand appropriate, the question is close enough that defendants did not "lack[]
22 an objectively reasonable basis for seeking removal." *See Martin*, 546 U.S. at 141.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand this action to the Superior Court of the County of Alameda. The Court denies plaintiff's request for attorney's fees.

**IT IS SO ORDERED**.

Dated: August 11, 2025

_____
SUSAN ILLSTON
United States District Judge